NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO SASTRE ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1345 <br><br> Agency No. A204-779-244 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Jose Alfredo Sastre Alvarado ("Alvarado"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal for certain nonpermanent residents under 8 U.S.C. § 1229b(b)(1) ("cancellation of removal"). We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and provides its own reasoning, "we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted). We deny the petition for review in part and dismiss it in part.

1. Reviewing de novo, we conclude that the BIA correctly determined that Alvarado was not denied due process at his immigration hearing. To prevail on his due process challenge, Alvarado must demonstrate both error and substantial prejudice. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). Substantial prejudice is established where "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000).

Alvarado has not established that any purported error in his immigration proceedings prejudiced him. Even assuming that the IJ erred in warning Alvarado's attorney against eliciting irrelevant or cumulative testimony, Alvarado fails to show how these admonitions affected the proceeding's outcome. Moreover, with respect to the four-minute gap in the recording, Alvarado does not point to any testimony that was not adequately summarized by the IJ and his

attorney. *See Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020) (finding no showing of prejudice based on an incomplete transcript where the petitioner "fail[ed] to point to meaningful facts or statements" missing from the transcript).

2. Although we lack jurisdiction to review the merits of a discretionary decision to deny cancellation of removal, we have jurisdiction to review whether the IJ considered all relevant evidence in making this decision. *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (citing *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2000)); *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D) (depriving this court of jurisdiction to review discretionary decisions but conferring jurisdiction to review "constitutional claims or questions of law"). Alvarado concedes that "the IJ properly outlined the discretionary legal standard," and his allegations that the agency did not consider relevant factors like Alvarado's rehabilitation or his past trauma are belied by the agency's decisions, which explicitly discussed these factors. Because the agency applied the proper legal standard in its discretionary analysis and "'thoroughly reviewed' and 'gave due consideration' to all of the positive and negative equities in the record," we lack jurisdiction to re-weigh the factors underlying its decision. *Vilchez*, 682 F.3d at 1200–1201 (citation omitted). A discretionary decision is sufficient to support the denial of cancellation of removal. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003) ("[T]he ultimate decision whether to grant [cancellation of removal], regardless of

3                                                      23-1345

eligibility, rests with the Attorney General.").  We therefore dismiss the remainder of Alvarado's petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[1]

---

[1]     Alvarado's Motion to Stay Removal (Dkt. No. 3) is denied as moot. The temporary stay (Dkt. No. 12) will dissolve on the issuance of the mandate.

23-1345